**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DELTATRAK, INC.,**<br>    Plaintiff,<br>vs.<br>**SEO CHEMICAL S.A.C.,**<br>    Defendant. | CASE NO. 21-cv-03106-YGR<br><br>**ORDER DENYING MOTION FOR ORDER ALLOWING ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 14 |

Plaintiff DeltaTrak, Inc., brings this action against defendant SEO Chemicals S.A.C, alleging breach of contract, common counts-on goods delivered, promissory estoppel, and unjust enrichment. (Dkt. No. 1.).

On August 13, 2021, plaintiff filed a motion for order allowing alternative service on defendant. (Dkt. No. 14.) Prior to filing this motion, plaintiff sought waiver of formal service from defendant and defendant's counsel. (Mot. at 2-3.) Plaintiff now seeks to serve defendant, a foreign corporation registered in Lima, Peru, by electronic mail, international registered mail, and international standard mail. Having carefully reviewed the record, the papers submitted on the motion, and for the reasons set forth more fully below, the Court **DENIES WITHOUT PREJUDICE** plaintiff's motion as premature.[1]

Rule 4(f)(3) of the Federal Rules of Civil Procedure provides that "an individual . . . may be served at a place not within any judicial district of the United States . . . by other means not

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the motion hearing set for **SEPTEMBER 21, 2021**.

prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).[2]  It is left "to the sound discretion of the district court the task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002).  While Ninth Circuit law does not require that a party necessarily attempt service by diplomatic channels before seeking judicial intervention, the Court maintains discretion in determining whether alternate service is necessary.  *Id.* at 1014-15.

Both Peru and the United States are signatories to the Inter-American Convention on Letters Rogatory and the Additional Protocol to the Inter-American Convention on Letters Rogatory.  *See* Jan. 30, 1975, S. Treaty Doc. No. 98–27, 1438 U.N.T.S. 287; May 8, 1979, S. Treaty Doc. No. 98–27, 1438 U.N.T.S. 332.  No other international agreement governs the service of process for litigation in the United Sates on parties located in Peru.

Plaintiff's motion to effect service by alternative means is premature.  The Court orders plaintiff to attempt to serve defendant through diplomatic channels before seeking judicial intervention.  While plaintiff cites generally to the complexities and delay of attempting to serve defendant by way of letter rogatory, such challenges seem less of a concern for parties located in Peru.  The Court is aware that "Peru ha[s] succeeded in processing [Inter-American Service] requests more quickly, generally within three months." Inter-American Service Convention and Additional Protocol (state.gov) (last accessed September 16, 2021).  Further, the Department of Justice appears to have streamlined the process to make it less complex and burdensome by contracting a third-party service provider, ABC Legal, to execute Inter-American Convention requests.[3]  Moreover, the Court finds that requiring plaintiff to follow procedures sanctioned by foreign law could benefit plaintiff, as a failure to abided by the procedures of the Inter-American

---

[2]  Because defendant is a corporation, and not an individual, Federal Rule 4(h) applies.  Rule 4(h)(1)(A) allows a defendant corporation to be served in the same manner as an individual under Rule 4(f).  Thus, this Order addresses Rule 4(f), as does plaintiff's motion.

[3]  *See* https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html#ExternalPopup (last accessed September 16, 2021); https://www.abclegal.com/international/service-of-process-overview (last accessed September 16, 2021).

Convention may make the enforcement of any judgment in Peru difficult, which could lead to an increase in litigation costs in the future.

For the foregoing reasons, the Court **DENIES** plaintiff's motion for an order allowing alternative. Plaintiff is required to proceed under the Inter-American Convention, pursuant to Federal Rule of Civil Procedure 4(f)(1), or by a method reasonably calculated to give defendant notice of the lawsuit in compliance with Peruvian law under 4(f)(2). If plaintiff is unable to effect service after diligent attempts, it may re-file its motion for leave to proceed under Rule 4(f)(3).

This Order terminates docket number 14.

**IT IS SO ORDERED.**

Dated: September 17, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**